UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **DAYMON MAURICE BUSH,**<br>    Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br>    Respondent. | **Case No. 2:24-cv-8015-CLM**<br>**(Case No. 2:19-cr-573-CLM-HNJ)** |

## MEMORANDUM OPINION

Daymon Maurice Bush moves to vacate, set aside, or otherwise correct his sentence under 28 U.S.C. § 2255, arguing that his § 922(g) conviction violates the Second Amendment. (Doc. 1). For the reasons explained below, the court **WILL DISMISS** this action **WITHOUT PREJUDICE** for lack of jurisdiction.

### BACKGROUND

1. Bush's conviction: On December 18, 2019, Bush pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Doc. 13 in Case No. 2:19-cr-573). On June 4, 2020, Bush was sentenced to a term of 57 months' imprisonment, and the court entered judgment on June 8, 2020. (Doc. 17 in Case No. 2:19-cr-573). Bush did not file a direct appeal.

2. 2255 motions: On March 25, 2024, Bush filed his first § 2255 motion, asserting that the court should vacate his § 922(g) conviction because categorically excluding felons from possessing firearms violates the Second Amendment. (*See* Doc. 1 in Case No. 2:24-cv-8008). The court denied Bush's motion on May 20, 2024, finding that his claim was both untimely and barred by Eleventh Circuit precedent. (*See* Doc. 2 in Case No. 2:24-cv-8008).

Bush filed a second § 2255 motion on May 20, 2024, the same day that the court denied his first motion. (*See* Doc. 1). This motion again argues that under *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1, 24 (2022), Bush's conviction violates his Second Amendment rights.

## DISCUSSION

28 U.S.C. § 2255(h) requires Bush to follow the procedures of 28 U.S.C. § 2244(b)(3)(A) when filing a second or successive § 2255 motion. *See* 28 U.S.C. § 2255(h). So Bush must obtain authorization from the Eleventh Circuit to file a second or successive motion before this court can consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). In other words, without Bush receiving authorization from the Eleventh Circuit for this court to consider his motion, the court lacks jurisdiction to grant Bush his requested relief. *See United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005).

Nothing in the record suggests that Bush received authorization from the Eleventh Circuit to file a second § 2255 motion. So the court finds that it lacks jurisdiction over Bush's motion and will dismiss this case without prejudice for lack of jurisdiction.[1]

## CONCLUSION

For the reasons stated above, the court will **DISMISS WITHOUT PREJUDICE** Bush's motion to vacate, set aside, or correct his sentence (doc. 1) for lack of jurisdiction and close this case.

Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473,

---

[1] Even if the court had jurisdiction over Bush's second § 2255 motion, the court would deny the motion as untimely and barred by Eleventh Circuit precedent for the same reasons why it denied Bush's first § 2255 motion.

484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted). The court finds that Bush's claims fail to satisfy either standard. So to the extent that dismissal of this case requires the court to rule on the certificate of appealability issue, the court will not issue a certificate of appealability.

The court will enter a separate final order that carries out this ruling and closes this case.

**Done** on June 24, 2024.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE